ORIGINAL

# DSO6272

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 DEC -7 PM 4:06

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LISA BLACKBURN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| CYPRESS EQUITIES I, LP, CYPRESS | § | 3-12CV-5030D |
| EQUITIES OPERATIONS, LP and CHRIS | § | |
| MAGUIRE, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Lisa Blackburn ("Plaintiff" or "Blackburn") files this Original Complaint and Jury Demand against Defendants Cypress Equities I, LP ("CE I"), Cypress Equities Operations, LP ("CE Ops") (collectively, "Cypress"), and Chris Maguire ("Maguire") (collectively, "Defendants"), and respectfully shows the following:

### Jurisdiction and Venue

1. This is a suit instituted pursuant to the provisions of the Equal Pay Act, 29 U.S.C. § 206(d). Therefore, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331-1332.

2. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy.

3. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices were committed in this District. Blackburn worked at Cypress' offices located in Dallas, Dallas County, Texas, which is in this District and Division. The employment records relevant to the alleged unlawful employment practices are maintained and

administered in this District and Division. A substantial part of the events or omissions giving rise to this lawsuit occurred in this District and Division.

## Parties

4. Blackburn is an individual residing in Dallas County, Texas.

5. CE I is a Texas limited partnership with its principal office in Dallas, Texas. CE I conducts substantial business in the Northern District of Texas and employed Blackburn in this District and Division. CE I may be served through its registered agent, Brian Parro, located at 8343 Douglas Avenue, Suite 200, Dallas, Texas, 75225.

6. CE Ops is a Texas limited partnership with its principal office in Dallas, Texas. CE Ops conducts substantial business in the Northern District of Texas and employed Blackburn in this District and Division. CE Ops may be served through its registered agent, Brian Parro, located at 8343 Douglas Avenue, Suite 200, Dallas, Texas, 75225.

7. Maguire may be served at his business address located at 8343 Douglas Avenue, Suite 200, Dallas, Texas, 75225.

## Facts

8. Before May 2008, Blackburn was employed by the Dallas office of Patton Boggs, a prestigious national law firm. She was encouraged by an acquaintance to interview for a position as corporate counsel with Cypress Equities.[1] Numerous Cypress Equities executives, including its former General Counsel, Russell Shelton ("Shelton"), interviewed Blackburn and determined she would be a good fit for the position. Cypress offered Blackburn the corporate counsel position with a base salary of only $140,000.00, less than she was earning at her law

---

[1] "Cypress Equities" is a name used by numerous entities ultimately owned and/or controlled by Maguire. The "Payor" on Blackburn's original paychecks was CE I. In February 2009, CE Ops was formed; CE Ops became the "Payor" on Blackburn's paychecks on or about July 10, 2009. Blackburn performed work for many entities operating as "Cypress Equities" during her tenure with Cypress.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND                                                      Page 2

firm position. However, Cypress promised Blackburn she would receive annual bonuses and raises which would significantly increase her overall compensation.

9. In reliance on the promises of Cypress, Blackburn resigned from her position at Patton Boggs and began working for Cypress on or about May 30, 2008. She initially reported to Shelton, Cypress' General Counsel. However, in September 2009, Cypress demoted Shelton and awarded his position (and large executive-view office) to Blackburn. Shelton remained at Cypress for a period of time following his demotion, and Blackburn (in her new capacity as General Counsel) assigned work to Shelton.

10. Blackburn assumed the General Counsel role in September 2009, and moved into Shelton's former office in January 2010. Maguire promised Blackburn she would receive a pay raise in acknowledgement of her increased responsibilities. In her new role as General Counsel, Blackburn reported directly to Maguire.

11. After she became General Counsel, Blackburn continued to be paid her starting salary of $140,000.00 per year - less than Shelton's base salary and bonuses. Blackburn was paid less for doing the same or even more work as compared to Shelton and was, in fact, assigning work to Shelton after his demotion. Even after Shelton left Cypress, Blackburn continued to be paid her entry level salary and never received any of her promised raises. Blackburn performed work that required equal skill, effort and responsibility as that previously performed by Shelton and performed this work under similar working conditions. Indeed, by all accounts, Blackburn performed more successfully in the role of General Counsel than had Shelton. Nevertheless, Cypress paid Blackburn significantly less than Shelton (and the other male direct reports to Maguire).

12. Blackburn brought this salary disparity to Maguire's attention on several occasions and asked Cypress to increase her salary so that it would be comparable to that of her predecessor and male peers. In the summer and fall of 2010, Blackburn met with Maguire to discuss Cypress' failure to address the disparity in her compensation. Maguire acknowledged that Blackburn was underpaid and assured her that her compensation would increase to a level commensurate with her position.

13. By December 2010, Blackburn still had not received a raise and continued to only make her entry level salary, $140,000.00. She was paid a $25,000.00 bonus that year—the only bonus she earned during her employment, despite promises to the contrary.

14. During 2011, Blackburn continued to have discussions with Maguire about her compensation. In April 2011, Maguire told Blackburn that no one at Cypress received raises that year. Blackburn later discovered this statement was untrue and confronted Maguire. He admitted that he had lied to Blackburn about her compensation. However, by the end of 2011, Blackburn still had not received a raise.

15. On July 23, 2012, Blackburn made a formal written complaint about violations of the Equal Pay Act (as well as violations of Title VII). Cypress, through its outside litigation counsel, retained an investigator to interview Blackburn and investigate her complaints. Blackburn met with the investigator on August 1, 2012 and provided the investigator with a detailed narrative regarding her concerns.

16. From July through October 2012, Blackburn was shunned by Maguire and Cypress' other male senior executives. Her expense reports were scrutinized to a degree she had never before experienced. Ordinary business interactions with Maguire and Cypress' other male

senior executives whittled, and she was excluded from lunches and social outings with Maguire's other direct reports.

17. On numerous dates over a period of nearly two months, Blackburn requested updates regarding the investigation; Blackburn also complained about retaliation by Cypress. Rather than responding to Blackburn's communications, the investigator completed the investigation without any further interview of Blackburn following their initial August 1st meeting. Cypress' Human Resources Director, Cynthia Ball ("Ball"), finally scheduled a meeting with Blackburn for September 25, 2012 to discuss the results of the investigation. On September 24, 2012, the day before the meeting, Ball presented Blackburn with a stack of legal documents, stating that an audit of her personnel file revealed that she had not signed various "routine" legal documents. Cypress demanded that the documents be signed that day.

18. On September 25, 2012, Blackburn met with Ball, who informed her that the investigation revealed no violations. Cypress again demanded that the stack of legal documents be signed that day on threats of immediate termination. The same day, Blackburn was also given a negative performance review—her first and only review with Cypress. The negative performance review included false allegations and cited violations of policies that did not previously exist. Cypress eventually granted Blackburn seven (7) days to review the stack of legal documents, but suspended her from performing any work for Cypress during this review period. Blackburn immediately began to contact lawyers to assist her with review of the documents. Although she had not yet formally retained counsel by Cypress' arbitrary deadline, Blackburn timely responded by submitting comments regarding the documents. Blackburn never refused to sign the documents. Rather than considering Blackburn's comments, Cypress summarily terminated her employment on October 2, 2012.

## Conditions Precedent

19. All conditions precedent to Blackburn's recovery have been performed or have occurred.

## CAUSES OF ACTION

### A. Equal Pay Act Violation

20. Blackburn realleges and incorporates by reference the facts set forth above.

21. Cypress and Maguire were Blackburn's "employers" as defined in the Equal Pay Act. In contravention of Blackburn's rights under the Equal Pay Act, 29 U.S.C. § 206(d), Blackburn was paid less for doing the same or even more work compared to similarly situated male employees and, in fact, was assigning work to Shelton for a period of time while Shelton earned more money than Blackburn.

22. Blackburn held the title of General Counsel and worked in that role and capacity since September 2009. She was paid less than her male predecessor even though she performed substantially equal work. The work performed by Blackburn required equal skill, effort and responsibility, and was performed under similar working conditions.

23. The difference in the amount paid to Blackburn and her male peers was not the result of a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any factor other than sex.

24. Defendants were aware of the salary disparity and willfully paid Blackburn less than half the base salary of her direct male comparator and less than one quarter of his bonus. Blackburn brought the disparity to Maguire's attention on several occasions, both orally and in writing, and asked Defendants to rectify the disparity. Defendants acknowledged that Blackburn

was underpaid compared to her peers and repeatedly promised to raise her salary. Despite these promises, Blackburn never received comparable pay to her male counterpart.

25. Defendants violated the Equal Pay Act, 29 U.S.C. § 206(d) by discriminating between employees on the basis of sex by paying male employees more than Defendants paid Blackburn for equal work, the performance of which required equal skill, effort and responsibility and which was performed under similar working conditions. This violation of the Equal Pay Act was willful.

26. Blackburn seeks to recover all damages she has suffered as a result of the Defendants' violations of the Equal Pay Act, including her salary and bonus underpayment, liquidated damages, interest, and her reasonable and necessary attorneys' fees and costs, as well as any other legal or equitable relief to which Blackburn may be entitled.

### B. Retaliation in violation of the Equal Pay Act

27. Blackburn realleges and incorporates by reference the facts set forth above.

28. Defendants' conduct as set forth herein constitutes unlawful retaliation in violation of 29 U.S.C. §216(b). Defendants retaliated against Blackburn by terminating her employment because she opposed and complained about the unlawful gender discrimination Defendants caused her to suffer.

29. Defendants' conduct as described herein constitutes unlawful, intentional retaliation as prohibited by 29 U.S.C. §216(b). Blackburn is entitled to recover actual damages as well as compensatory damages. Additionally, Defendants engaged in unlawful retaliation with malice or with reckless indifference to Blackburn's protected rights. Accordingly, Blackburn is entitled to recover punitive damages.

### C. Fraud

30. Blackburn realleges and incorporates by reference the facts set forth above.

31. When they hired Blackburn, Maguire and Cypress promised that she would receive regular salary increases and bonuses to bring her compensation to a level commensurate with what she was leaving behind in private practice. Later, when Blackburn was promoted to General Counsel, Maguire and Cypress acknowledged that Blackburn was underpaid and promised to bring her compensation to a level commensurate with her new duties and strong job performance. These representations were false and were made with the intent that Blackburn rely on them in order to accept a position with Cypress for below-industry base salary. The promises made to Blackburn after her promotion were made to induce her to remain at Cypress and assume increased responsibility in her capacity as General Counsel. Cypress and Maguire knew the representations were false or that they had no intention of fulfilling such promises. The discussion of Blackburn's compensation was merely a charade designed to induce Blackburn to work for Cypress at below-market compensation.

32. Blackburn relied on the representations by accepting employment with Cypress. As a proximate result of the false representations by Maguire and Cypress, Blackburn has suffered injuries in an amount in excess of the minimum jurisdictional limits of this Court. In addition, because these actions were undertaken willfully and maliciously, Blackburn is entitled to recover exemplary damages.

### Attorneys' Fees

33. Blackburn realleges and incorporates by reference the facts set forth above.

34. As a result of Defendants' blatant violations of the Equal Pay Act and unlawful retaliation, Blackburn was required to retain attorneys to represent her in this action. Blackburn

therefore seeks recovery of her reasonable attorneys' fees, expenses and costs, as permitted under the Equal Pay Act.

### Jury Demand

35. Blackburn requests a jury trial on all contested issues of fact.

### Prayer

Blackburn prays that the Court award her judgment against Defendants for the following:

a. Back pay, including, without limitation, Blackburn's lost wages, bonuses and benefits from October 25, 2009 to the present;

b. Liquidated damages in an amount that is equal to Blackburn's back pay wages;

c. Compensatory damages for Defendants' unlawful retaliation against Blackburn;

d. Attorneys' fees and costs of court;

e. Exemplary damages;

f. Pre-judgment and post-judgment interest at the highest rate permitted by law; and

f. All other relief to which Blackburn is justly entitled.

Respectfully submitted,

_____
**KEITH A. CLOUSE**
State Bar No. 04410300
**ALYSON C. BROWN**
State Bar No. 04873500

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone: (214) 220-3888
Facsimile: (214) 220-3833

**ATTORNEYS FOR PLAINTIFF**

%JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lisa Blackburn

## DEFENDANTS
Cypress Equities I, LP, Cypress Equities Operations, LP and Chris Maguire

(b) County of Residence of First Listed Plaintiff: Dallas County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas County, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED DEC - 7 2012

(c) Attorney's (Firm Name, Address, and Telephone Number)
Keith A. Clouse and Alyson C. Brown
Clouse Dunn LLP, 1201 Elm St., Suite 5200, Dallas, TX 75270
214-220-3888

Attorneys (If Known)
3-12CV-5030D

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Equal Pay Act, 29 U.S.C. 206(d)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 12/07/12
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____



# CLOUSEDUNN LLP

**ALYSON C. BROWN**

BOARD CERTIFIED LABOR & EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

1201 ELM ST., SUITE 5200
DALLAS, TEXAS 75270-2142
(214) 220-3888 • FAX (214) 220-3833

Writer's Direct Dial: 214-220-0323
Writer's E-Mail: abrown@clousedunn.com

TRIAL ATTORNEYS

RECEIVED
DEC - 7 2012.

December 7, 2012

VIA COURIER

Clerk, United States District Court
Northern District of Texas - Dallas Division
1100 Commerce Street, Room 1452
Dallas, Texas  75242

    **RE:**   *Lisa Blackburn v. Cypress Equities I, LP, Cypress Equities Operations, LP and Chris Maguire*

Dear Clerk:

Enclosed for filing in the above-referenced matter is an original and three (3) copies of the following documents:

1. Civil Service Cover Sheet;
2. Plaintiff's Original Complaint and Jury Demand;
3. Plaintiff's Certificate of Interested Persons; and
4. Summons.

Also enclosed is our firm's check in the amount of $350.00 in payment of the filing fee. Please file these documents and return a file-stamped copy of same to me by way of the waiting courier.

Should you have any questions, please do not hesitate to contact me. Thank you for your assistance in this matter.

Very truly yours,

Alyson C. Brown

ACB/rdm
Enclosures (incl. 1 check)

Clerk, U.S. District Court
Northern District of Texas
Dallas Division
1100 Commerce Street, Room 1452
Dallas, TX 75242

CLOUSEDUNN LLP
1201 ELM ST, SUITE 5200
DALLAS, TEXAS 75270-2142
TRIAL ATTORNEYS