## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LISA BLACKBURN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:12-cv-5030-D** |
| **CYPRESS EQUITIES I, LP,** | § | |
| **CYPRESS EQUITIES OPERATIONS, LP** | § | |
| **and CHRIS MAGUIRE,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' MOTION FOR LEAVE
## TO FILE SUPPLEMENTAL APPENDIX OF EVIDENCE

Defendants Cypress Equities I, LP and Cypress Equities Operations, LP[1] (collectively, "Defendants" or "Cypress") hereby move this Court to grant Defendants leave to file a supplemental appendix of evidence in support of their Reply Brief to Plaintiff's Response to Defendants' Motion for Summary Judgment ("Reply").

Defendants interpret Local Rule 56.7 to limit only the supplementation of evidence *other than* that which is filed in an appendix with a Rule 56 motion, response, or reply. Nonetheless, in an abundance of caution, Defendants seek leave to file a supplemental appendix of evidence with their Reply.

Courts have held that additional evidence "may appropriately be produced with a reply brief when [it] respond[s] to new issues which have arisen during briefing." *Graning v. Sherburne County*, 172 F.3d 611, 614 n.2 (8th Cir. 1999); *Alaska Wildlife Alliance v. Jensen*, 108 F.3d 1065, 1068 n.5 (9th Cir. 1997). The evidence that Defendants seek to introduce with their

---

[1] The parties' Joint Stipulation of Dismissal with Prejudice as to Defendant Chris Maguire was filed on May 20, 2014.

Reply rebuts issues raised by Plaintiff's Response to Defendants' Motion for Summary Judgment ("Response").

In her Response, Plaintiff claims – for the first time in this litigation – that Cypress denied her the opportunity to participate in a 401K plan. [Dkt. 58, p. 4]. Evidence controverting this assertion is an enrollment form Plaintiff signed in 2008 declining to participate in Cypress's 401K plan. Defendants therefore seek to supplement their appendix with the business records custodian's affidavit authenticating and attaching that enrollment form. This evidence is solely responsive to an issue that Plaintiff raised in her Response.

Further, Plaintiff asserts in her Response that Cypress had no complaints about her performance until after she lodged a complaint of discrimination. [Dkt. 58, p. 6-7, 26]. This ignores the HR Generalist Cynthia Ball's handwritten notes (previously produced to Plaintiff) reflecting meetings about Plaintiff's unsatisfactory performance, which took place months before Plaintiff's complaint. Defendants therefore seek to supplement their appendix with Cynthia Ball's affidavit authenticating and attaching those notes, which rebut an assertion raised by Plaintiff in her Response.

Defendants could not have anticipated the issues Plaintiff raised in her Response, and so had no reason to file the evidence they now offer in a supplemental appendix, the proposed form of which is attached hereto as Exhibit A. As introducing evidence with a reply is allowable, and since the evidence Defendants seek to supplement is to rebut new issues raised during briefing, this evidence is proper to allow in tandem with Defendants' Reply.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court grant their Motion for Leave to File Supplemental Appendix of Evidence, and grant

Defendants such other and further relief, at law and/or in equity, to which they may be entitled to receive.

Respectfully submitted,

By:  /s/ Allyn Jaqua Lowell
Buena Vista Lyons
Texas Bar No. 00797630
Fred Gaona III
Texas Bar No. 24029562
Allyn Jaqua Lowell
Texas Bar No. 24064143

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANTS
CYPRESS EQUITIES I, LP, CYPRESS
EQUITIES OPERATIONS, LP AND
CHRIS MAGUIRE**

## <u>CERTIFICATE OF CONFERENCE</u>

On May 23, 2014, the undersigned counsel of record for Defendants attempted to confer with Plaintiff's counsel regarding the merits of Defendants' Motion for Leave to File Supplemental Appendix ("Motion").  Counsel for Plaintiff could not be reached prior to the filing of this Motion. It is, therefore, assumed that Plaintiff opposes this Motion, but an amended certificate of conference will be filed if Plaintiff's counsel indicates otherwise.

/s/ Buena Vista Lyons
Buena Vista Lyons

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2014, a true and correct copy of the foregoing *Defendants' Motion for Leave to File Supplemental Appendix of Evidence* was filed via the Court's CM/ECF system, which will serve same upon counsel for Plaintiff as follows:

> Keith A. Clouse
> Alyson C. Brown
> Clouse Dunn LLP
> 1201 Elm Street, Suite 5200
> Dallas, Texas 75270

*/s/ Allyn Jaqua Lowell*
Allyn Jaqua Lowell

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LISA BLACKBURN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:12-cv-5030-D |
| CYPRESS EQUITIES I, LP, | § | |
| CYPRESS EQUITIES OPERATIONS, LP | § | |
| and CHRIS MAGUIRE, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS' SUPPLEMENTAL APPENDIX OF EVIDENCE
### IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants Cypress Equities I, LP and Cypress Equities Operations, LP (collectively, "Defendants") submit this Supplemental Appendix of Evidence in Support of Their Motion for Summary Judgment, which contains the following:

A.   Affidavit of Cynthia Ball (Def. Supp. App. 938-40); and

B.   Exhibits to Affidavit of Cynthia Ball (Def. Supp. App. 941 – 54):

- Exhibit 1 – Document evidencing Plaintiff declined 401K coverage (Def. Supp. App. 941-43);* and

- Exhibit 2 – C. Ball's notes on Plaintiff, Cypress 2662-2672 (Def. Supp. App. 944-54).

*Redacted for confidentiality purposes subject to the Court's Agreed Confidentiality/Protective Order [Dkt. 27].



EXHIBIT

A

Respectfully submitted,

By:   /s/ Allyn Jaqua Lowell
      Buena Vista Lyons
      Texas Bar No. 00797630
      Fred Gaona III
      Texas Bar No. 24029562
      Allyn J. Lowell
      Texas Bar No. 24064143

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANTS
CYPRESS EQUITIES I, LP, CYPRESS
EQUITIES OPERATIONS, LP AND
CHRIS MAGUIRE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2014, I caused a true and correct copy of the above and foregoing ***Defendants' Supplemental Appendix of Evidence in Support of Their Motion for Summary Judgment*** to be filed with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

Keith A. Clouse
Alyson C. Brown
Clouse Dunn LLP
1201 Elm Street, Suite 5200
Dallas, Texas 75270
Attorneys for Plaintiff

      /s/ Allyn Jaqua Lowell
      Allyn Jaqua Lowell

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LISA BLACKBURN,                          §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §
                                         §        Civil Action No. 3:12-cv-5030-D
CYPRESS EQUITIES I, LP,                  §
CYPRESS EQUITIES OPERATIONS, LP          §
and CHRIS MAGUIRE,                       §
                                         §
        Defendants.                      §

## AFFIDAVIT OF CYNTHIA BALL

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

        BEFORE ME, the undersigned authority, personally appeared Cynthia Ball, who being by me duly sworn, deposed as follows:

        1.      My name is Cynthia Ball. I am over eighteen (18) years of age, of sound mind, and am capable of making this affidavit. All of the facts stated below are within my personal knowledge and are true and correct and accurately reflect the information available to me as a corporate representative of Defendant Cypress Equities ("Cypress" or "the company").

        2.      I am a Human Resources ("HR") Generalist with Cypress, including the entities named as defendants in the above-captioned litigation.

        3.      I have worked for Cypress in that capacity since my hire, on January 2, 2012.

        4.      I am a custodian of the records of Cypress. Attached hereto are 14 pages of records, which were kept in the regular course of business; it was the regular course of business for an employee or representative of Cypress, with knowledge of the act, event, condition, or

DEF. SUPP. APP. 938

opinion, to make the record or transmit information to be included in such record; and, the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

5.      On May 14, 2014, I reviewed Plaintiff Lisa Blackburn's Brief in Opposition to Defendants' Motion for Summary Judgment [Dkt. 58]. This was the first time that I had heard that Blackburn claims that Cypress denied her the opportunity to participate in a 401K program.

6.      Based on my review of corporate records, Cypress discontinued its 401K benefit program in 2009 when participating employees voted to end it in view of the state of the financial markets.

7.      Cypress maintains the enrollment forms for its previous 401K program in a file separate from employees' current personnel files.

8.      On May 15, 2014, I searched the file of enrollment forms and found one in which Blackburn had declined to participate. A true and correct copy is attached as Exhibit 1.

9.      In April 2012, Brian Parro came to me with complaints about Blackburn's job performance. I took handwritten notes during that meeting and during subsequent meetings that I had with him about Blackburn's performance. I later typed up my notes. A true and correct copy of the handwritten and typed notes is attached hereto as Exhibit 2 (Cypress 2662-2672).

10.     The following people named in Blackburn's Response [Dkt. 58, pp.19-20] worked for Cypress's projects, not for Cypress's corporate entity, and their salaries were funded by projects: Hunter Simon, Dan Slattery, Robert Dwors, Ellen Grissette, Cameron Aderhold (in part), and Mark Miller. Ellen Grissette [Dkt. 58, pp.19-20] also became an independent contractor during the relevant time.

11.     During 2010, no Cypress employee received any raise until December (when Blackburn received a $25,000 bonus); that month, a total of twelve Cypress corporate employees

(seven female), received raises. After the raises, none of the twelve made as much as Blackburn's salary.

12. In 2011, only two Cypress employees, both women, received raises, and after the raises both still made less than Blackburn.

13. In 2012, six women and five men received raises. For the first time, two men on the list, Vice President John Fainter and Senior Vice President Mark Rone, made slightly more after their riases than Blackburn had been: $142,699.96 and $146,324.88, respectively.

14. In 2010, Cypress as a corporate entity hired only one person, Petrova, a receptionist, at a salary of $35,200.


Further Affiant sayeth not.

_Cynthia Ball_
Cynthia Ball

SUBSCRIBED AND SWORN BEFORE ME on this 23 day of May, 2014, to certify which witness by hand and seal of office.

Notary Public in and for the
State of Texas

My Commission Expires:

Angela J. McCorvey
Commission Expires
11-13-15

# Enrollment Form

Case Number: 160-80669
CYPRESS EQUITIES I LP 401(K) PLAN & TRUST

AMERICA'S 401K INC.

# Yes, sign me up.

Follow these four easy steps:

Please clearly print current and accurate information below. <u>All employees who have met the plan's eligibility requirements, regardless of whether you choose to participate, must complete all applicable sections of the form.</u> Please note that this enrollment form is for your initial enrollment only. For future changes, refer to the account access card on the back cover.

## STEP ONE: COMPLETE YOUR PERSONAL INFORMATION

Social Security
Number:

Name: **Blackburn**           **Lisa**        **T**
             Last                     First            MI

Address:
Street & Apt#/PO Box                City              State        ZIP Code

Date of Birth        /    /    Date of Hire        Gender (M or F)    Marital Status

Company: **Cypress Equities**

## STEP TWO: COMPLETE YOUR CONTRIBUTION ELECTION(S)

### ELECTIVE DEFERRALS

☐ I elect to participate and contribute _____% of compensation per pay period on a *pre-tax* basis. (Maximum: $15,500 for 2008)

☒ I elect not to make *elective deferrals* until further notice. I understand that if I do not participate now, or discontinue participation, I must wait until the next available enrollment date. Although I elect not to save through payroll deduction, I understand my employer may elect to contribute a discretionary contribution to the plan, and I authorize such a contribution to be invested as indicated below. If I elect to roll over money into the plan I also authorize my rollover to be invested as indicated below.

### CATCH-UP CONTRIBUTIONS

☐ I will be at least 50 years of age or older by the end of the calendar year and elect to make catch-up contributions to the plan. (The maximum catch-up contribution is $5,000 for 2008.) I elect to contribute _____% of compensation per pay period as catch-up contributions once my maximum allowable deferral limits are met.

v071212

Please turn to t[...]  **EXHIBIT 1**  Three.

DEF. SUPP. APP. 941

| Social Security Number: | | Name: *Blackburn*      *Lisa*      *T.* |
|---|---|---|
| | | Last          First          MI |

Case Number: 160-80669
CYPRESS EQUITIES I LP 401(K) PLAN & TRUST

AMERICA'S 401K INC.

**STEP THREE: CHOOSE YOUR INVESTMENT OPTION BY CHECKING A BOX BELOW**

Please complete one of the "Do It For Me" or "I'll Do It Myself" sections based on your investment style and goals. Refer to page 12 of your enrollment book for help in choosing.

 **DO IT FOR ME**

**Professional Money Management**
I prefer to let a registered investment advisor choose and monitor my investments for me.

✓ Check the box below, then go to the next step and sign your name.

☐ I understand that I must complete and return the Investment Advisor Agreement. All money initially invested will be held in the fund listed below until the registered investment advisor receives the Agreement and invests my money.

| Temporary Default Fund: | Inquire Code: | Allocation Percentage: |
|---|---|---|
| NW Mny Mkt Inst | 688 | 100% |

 **I'LL DO IT MYSELF**

✓ ☐ I elect to invest as follows:

Select investments below based on your profile on page 16, then go to the next step and sign your name. All allocations must be made in whole percentages, and the total must equal 100%.

| Asset Class | Fund Name | Percentage | Inquire Code | Asset Class | Fund Name | Percentage | Inquire Code |
|---|---|---|---|---|---|---|---|
| IS | -Capital World Gr & Inc R3 | ____% | 388 | LC | VanKamp Comstock Fd A | ____% | 910 |
| IS | AIM Intl SmComp Fnd Cls A | ____% | 1233 | BA | -Capital Income Builder R3 | ____% | 484 |
| IS | AllBer Intl Val Fd I | ____% | 1580 | BA | Oppnhmr Capital Inc Fd A | ____% | 848 |
| IS | AllianceBrnstn IntlValFd-A | ____% | 578 | BA | Van Kampen Equity & Inc A | ____% | 304 |
| IS | DodgeCox Intl Stock Fd | ____% | 1571 | BD | Calvert Income Fd A | ____% | 261 |
| IS | Evergreen Glbl Opp Fd A | ____% | 488 | BD | GdmnScs Govt Income Fd A | ____% | 771 |
| IS | Lazard Emrg Mkts Port OS | ____% | 820 | BD | Loomis Sayles Strtgc Inc A | ____% | 1319 |
| IS | Opp Global Fnd Cls A | ____% | 435 | BD | MFS Research Bond Fd A | ____% | 634 |
| SC | Allegiant MidCap Valu Fd A | ____% | 558 | BD | PIMCO Real Return Fd A | ____% | 676 |
| SC | Opp Main St Small Cap Fd A | ____% | 377 | BD | Prncpl Inv Hi Yld II A | ____% | 1373 |
| SC | Putnam Capital Opp A | ____% | 657 | BD | TCW Ttl Rtn Bd N | ____% | 836 |
| SC | WF Advtg Sm Co Val A | ____% | 1101 | SB | Dryden Sht-Trm  Corp Bnd A | ____% | 1191 |
| MC | AIM Capital Dev Fund Cl A | ____% | 568 | SB | GdmnScs Short Dur Govt A | ____% | 668 |
| MC | AllBer SmMdCp Val Fd Cls A | ____% | 468 | SB | GdnmScs Ult Sht Dur Govt A | ____% | 667 |

Funds continued on next page.

DEF. SUPP. APP. 942

| Social Security Number: | [REDACTED] | Name: | Blackburn | Lisa | T. |
|---|---|---|---|---|---|
| | | | Last | First | MI |

Case Number: 160-80669
CYPRESS EQUITIES I LP 401 (K) PLAN & TRUST

AMERICA'S 401K INC.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| MC | Fid Adv Leveraged Co Stk A | _____% | 1309 | CA | NW Mny Mkt Inst | _____% | 688 |
| MC | Heartland Select Value Fnd | _____% | 1313 | SP | AIM Real Estate Fund A | _____% | 576 |
| MC | Heritage Mid Cap Stock A | _____% | 806 | SP | AllBer Emerging Mkt Debt A | _____% | 1007 |
| MC | Neu Ber Regency Fd Trust | _____% | 640 | SP | AllnzRCM Tech A | _____% | 1520 |
| MC | Prncpl Inv MdCap Stk A | _____% | 1375 | SP | DWS RREEF RealEst Sec A | _____% | 1267 |
| MC | Thornburg Core Growth Fd A | _____% | 548 | SP | Ivy Euro Opportunities Y | _____% | 1140 |
| LC | -Growth  Fund of America R3 | _____% | 662 | SP | Ivy Glbl Natural Res Fnd Y | _____% | 1139 |
| LC | -Growth  Fund of America R5 | _____% | 1397 | SP | Jennison Utility Fund Cl A | _____% | 1196 |
| LC | AmCent Ultra A | _____% | 703 | SP | NW Glbl Fin Svcs A | _____% | 496 |
| LC | GdmnScs Strd LgCap Val A | _____% | 277 | SP | NW Glbl Hlth Sci A | _____% | 448 |
| LC | Jensn 20/20 Focus Fd A | _____% | 654 | SP | Opp Commdty Strat Tl Rt A | _____% | 861 |
| LC | Oppnhmr Value Fd A | _____% | 846 | SP | Opp Gold & Sp Mineral Fd A | _____% | 374 |
| LC | Prncpl Inv Eq Inc A | _____% | 1372 | SP | Oppnhmr Intl Bond Fd A | _____% | 852 |
| LC | Thornburg Value Fund Cls I | _____% | 549 | | | | |

**Total Percentage**                    100%
Double-check  that your selections equal 100%

**Asset Class Legend:** IS –  International Stocks, SC –  Small-Cap  Stocks, MC –  Mid-Cap  Stocks, LC –  Large-Cap  Stocks, BA –  Balanced, BD –  US Bonds
SB –  Short-Term  Bonds, CA –  Cash, SP –  Specialty, AA –  Asset Allocation

Additional funds are available to you after this enrollment process is completed by visiting nationwide.com.

STEP FOUR: SIGN AND DATE

Please return this completed form to YOUR HUMAN RESOURCE REPRESENTATIVE.

Signature: X _~~Lisa T. Blackburn~~_                    Date: 5/21/08

**Welcome to your plan!**

Don't forget to set up your online access at nationwide.com.

93

202 OSS. 30

George DeShesky Jr    gdeshesky@gmail.com
Timothy Spore -      sporota@yahoo.com
Michael Martz-    mmartzva@cox.net

4-4. BP mt w/LB - Handbook · Ponda Katy - BOA -
          offered to give detailed expl -
BP - Noticed you coming in later each day like 10-11
       whats going on?

LB - If the hours I am working are an issue I do
       work 8 hrs a day and more -
         Frankly if you pay me what I am worth I'll be here
       at 8 am every day.
       - Its not possible to get everything done in this job.
CM lied to me - I left a job making 30G more - I wasn't
given the raise I was promised with the Temuros pros
CM said I would get a bonus he lied + underpays me.
I should be paid as a GC - 250,000 more a year w/ 45% bns

┌─────────────────┐
│    **EXHIBIT**  │
│      **2**      │
└─────────────────┘

CYPRESS 2662

DEF. SUPP. APP. 944

Went into wk flow

4-4- LB admitted to BP the job was more than she can do.
She feels there is no support from CME to back her up
when she is not getting what she needs to do her job.

issue: takes too long to get it back once given to her -
to her credit- she is thorough meticulous + wants to produce
a perfect product. that can cause issues w/ getting things
back timely - Several VP will not work w/ her on
projects - they have their own outside Att. rev the
Lot, agreements etc.

5/17/2012 - after S- Lisa came to Brian & told him
she needed all of her files for scanning.
Brian asked her why as this was already
done - She became defensive + just started
explaining various things & finally stated due to
IT crash lost files & Brian Brian asked
for her to tell him - what the intern would be working on

5/17 - Became defensive + agressive when
Brian asked her what proj the intern
would be working on - She asked hastily
said, "Do you ask this much detail from
Kerk?" Brian responded saying
Kirk doesn't report to me - you do - Lisa
Replied " I'm not so sure about that.

Repeated defiance behavior - when asked specific
questions -

CYPRESS 2663

DEF. SUPP. APP. 945

7/20/12 -

,55lepm Lisa Sent Email withdrawing her self from
from an assigned project. Citing ethical issues.

She didnot come forward to Chris M. or Brian P. to
discuss any ethical concerns to find solutions.

Indicates per her email She was blindly providing dispute
Counts for unknown purposes -

(see Email Copies)
Prior to this from July 8th thru the 19th had been
in Comon w/ GT, S Satterfield, CM & BP over information
there was some push from an outside source for
information adviced that was irrelevant CM &
BP boxed her up that what she provided was
all that would be Sent (any disputes (legal matter over)
100G

Various exchanges (see email copy)
time stamp 1.32 AM - indicated She would be happy
to put Necessary work to deliver a thorough resp
& to insure Cypress is represented properly"

Time stamp 4 pm Sent Email to Brian & CM that
GT wants info on all claims not just the actual
Claims effecting it over 100G -

Then Next comon is she is stepping out this proj &
can be turned over to other covered -

CYPRESS 2664

DEF. SUPP. APP. 946

Key issue - No Dialogue w/ CEO, CFO to wk
solutions - Make's decision that would
have financial impact + heavy risk to
company - midstream ~~suddenly~~ resigning from
assigned project -

~~Acts or Stops though~~

Monthly Ask for time -
Comes back w/time - w/ summary
of Pay - equivalent & external consultants

2:3pm Lisa brought to HR typed Notice of
complaint Violations of Title VII + EPA - complaint
did not have any details - when I started
to ask for specifics. She told me, "I have a
pressing legal matter + don't have time right now"
I said ok. She said - I was thinking maybe
next like Mon or Tues? I said so you are not
available at all this week - She said No - I said
ok - I'm gen next week let me know what day + time.
Notified Brian arro of situation -
Yom contacted V Capezio @ Soc. to discuss possible
directions -

CYPRESS 2665

DEF. SUPP. APP. 947

7/24 ViCea BP called Lisa to enquire about reg he made on 2 case summaries (Guarantees)

Lisa told him she didn't have all information in time to complete it - Brian is doing it himself while on the phone - according to Brian she was raising her voice to him almost yelling @ him about the fact the Shea the only one protecting the company here-

She arrived @ the office around 6pm - Brian spoke to her about her email on 7/20 where she resigned her self from the SSO corp.

He asked her what happened. She stated she has ethical issues - & continued to tell him spec. that she had no intention or that the information she was gathering was going to be made public

Brian stated that according to her emails everything was fine - She stated NO - she wasn't happy with any of it.

7/26 - notified SOI V-Capisio for our chubb pol to takeload on any claims from Ms. Blackburn.

CYPRESS 2666

DEF. SUPP. APP. 948

~~(was ~~ ~~bell~~ ~~in~~ ~~May~~ ~~2011~~ ~~-~~ ~~1/18~~~~.~~

8/9/2012   Merillee C. Exec Asst to CM
spoke to me about a concern - She
~~stated~~ stated that Ronda told her Yesterday
8/8 - that Lisa came by her office & asked
for Old org charts -
                    ;after telling Chres
Merrilee told her in gen about Caplaint
& not to provide any old data - to her.

CYPRESS 2667

DEF. SUPP. APP. 949

**4/4/2012** after 4:30 pm, Brian Parro, CFO met with Lisa Blackburn with the intent to discuss his concerns regarding the time she spends in the office.   He started this conversation out with asking her the status of various projects she has been working on.

Her response to this was, "well if you need a detailed explanation fine"   Brian responded he just needed to know what the status was of the items she has been working on.   After giving him some push back she gave him the basic information.

Brian then stated he recently noticed that she is coming in later each day like 10-11 and asked what's going on.

Her tone became sharp and defensive she stated   "If the hours I am working are an issue, I work 8 hours a day and more!  Frankly if you pay me what I am worth I'll be here at 8 am every day"   Chris lied to me, I left a job making 30,000 more a year, I wasn't given the raise he promised me,  with the Temenos project Chris said I would get a bonus and I didn't – he lied and did not pay me!  I should be paid as a General Counsel at $250,000 with a 45% bonus.     *Brian has indicated to HR this has been an ongoing theme with Lisa, the company isn't paying more right now.   Brian also informed HR that she did get paid a bonus on the Temenos project we can look it up in payroll  [she received a bonus of 25,000 in December 2010 check dated 12/23/2010].  Lisa told Brian, she told Chris she would not complete an important component and time sensitive piece on the Temenos legal work unless she was promised a bonus.*

The conversation turned to work flow and the amount of work she has to do, by herself.

Lisa stated it's not possible to get everything done in this job; it is more than she can do, even if she worked 24 hours a day.  She again indicated if we paid her more she would be able to get the job done. Brian pointed out her last statement, that she cannot possibly complete the job so he is not sure, given her statement, how more money would enable her to perform her job.

She also feels there is no support from Chris to back her up when she is not getting what she needs to do her job.  She states when she has told Chris about this and  he doesn't do anything about it.  She indicated people don't tell her things she needs to know, or when she says she needs something from them they don't give it to her.  Ie. She reminded Randa she needed to see marketing information to make sure we were legally compliant; Randa doesn't pass things by her such as website information, the Cypress Corporate Overview,  LOI documents that the "guys" don't bring to her.

Brian indicated that the issue is it takes too long to get work back from Lisa once it's given to her.  To her credit he states that she is thorough, meticulous and wants to produce a perfect product.  This causes

issues with getting things back in a timely manner.  Several VP's refuse to work with her so they use outside counsel to review the LOIs. Agreements etc...

5/17/2012 after 5 pm, Lisa came to Brian and told him she needed some of his files for scanning, and the intern would be scanning his files.  Concerned for the project for which Brian and Lisa agreed  Brian asked her why as this was already done.  She became defensive and frustrated and finally stated due to the IT crash in 09 there were a lot of lost files and she needed to recreate them.

Brain asked Lisa about the summer intern he approved for her and wanted to know what project(s) he would be working on, since he had approved the expense, as they agreed in order to complete a task assigned at least one year earlier.   .  She responded by saying he's going to be helping me ... Concerned the project for which Brian and Lisa agreed the intern had been hired for was not the primary focus, Brian inquired as to what the intern would be doing.  Lisa replied in a curt tone "Do you ask this much detail from Kirk?" to which Brian responded, no, he doesn't report to me....you do.   Lisa then said "I'm not so sure about that", she then left his office.  Finally she returned and showed Brian the electronic file listing the projects.  The answer to the question made sense however the drama in the conversation would have been avoided with a single answer.

7/20/2012 – Lisa sent an email withdrawing herself from an assigned project she had been working on citing ethical issues.  She had been working on this for some time at least since July 8th and she stated everything according to her last email on July 19th was fine, and then on July 20th at 5:56 pm she sent the email to Brian Parro, & Chris Maguire, taking herself off the project.  She sent another one to Stephen Satterfield & Todd Minis indicating the same.   The problem is she had no conversation with Chris or Brian about any specific ethical concerns; she made a critical decision to remove herself without discussing the reason or her concerns at that moment with anyone or giving the effected parties the ability to understand, vet and identify reasonable alternatives.

7/23/2012 between 2-3 pm, Lisa brought to HR a typed notice indicating her formal complaint to HR of the company's willful violation of Title VII & Equal Pay Act.,  When she was asked a specific question to obtain some facts since nothing in the body of it indicated any specific detail or fact, she stated " I don't have time right now, I have another pressing legal matter I have to deal with, I was thinking we could meet maybe next week like Monday or Tuesday?  She was asked if she could meet later this week and she said, no I don't have the time this week.  Then she left the HR office.   Human Resources responded by typing up a letter to her to indicate the company's acknowledge of her  notice and to reiterate since she indicated she was unable to meet due to her schedule, that she needed to notify HR of a day and time she could meet.  This acknowledgment letter was hand delivered to MS Blackburn at 5:20 pm and an electronic copy with a corrected typo was sent via email at 5:30 pm on the 23rd.

CYPRESS 2669

DEF. SUPP. APP. 951

7/24/2012 - between 4:30 – 5 pm Brian Parro called Lisa to ask her about producing narratives on 2 cases,  when asked if she could produce these for him - she told him no she didn't have the information or the time to get it done right now – So Brian is completing them himself.   When she arrived at the office around 6 pm, Brian took this opportunity to speak with her about her email on Friday July 20th. He asked her what happened since according to her email on the 19th everything was fine.  She replied and told him, no I'm not fine, I'm not happy with any of it.     I didn't intend the information I pulled together to be made public I didn't know what it was for, it is an ethical issue.  I haven't seen the PPM. To have full knowledge, they are making reference to General Counsel, that shouldn't be in there since I haven't seen the PPM,     *(Brian indicated to HR he spoke with Chris and Stephen Satterfield after his meeting with Lisa and they have removed the general counsel reference.  He also indicated Chris decided not to have her review the PPM, it takes so long to get things back from her, the company knew she wouldn't be able to do it timely)*

 Brian asked what happened.  She said they(xx) wanted me on a conference call Saturday morning to discuss it, then after that they were going to send it out.  I wasn't aware of that, I pulled the information requested as I  understood they would interpret the data,  I never knew they planned on making it public      Brian said "so you decided to make a unilateral decision Lisa, not the company, affecting this deal without calling Chris or myself to talk about options?  She said yes, what was I supposed to do, call Chris Friday night?   Brian told her she didn't give them an opportunity to explore any options, her solution was to require the company to spend more money for outside counsel to finish this project. Lisa said,  I gave you options I'll give you another one if you want,  Then I resign from it, Brian stated you already did, are you going to resign again from the project?


*(Brian indicated during his exchange with Lisa on the 24th that she was almost yelling at him on the phone and raising her voice to him when she was in his office. )*


**7/25/2012** 10:20 pm – Brian & Chris received an email from Lisa detailing the reason for her withdrawal of representation of Cypress in the CRIEM matter.   (For details reference attachment A copy of her email)


**7/26/2012** 8:35 am – HR sent an email to Lisa stating since she (Lisa) had not contacted HR to arrange a day and time to meet to discuss the details of the complaint she presented to HR on July 23rd,  HR has set up a meeting at 10:00 AM CST July 31st at the Dallas office to meet with her.    Lisa responded via email at 9:45 a.m. on 7/23/2012 indicating that day and time worked fine for her.   The meeting has been confirmed.


CYPRESS 2670

DEF. SUPP. APP. 952

7/26/2012 – HR contacted Chubb (EPLI carrier) to present the written complaint from Ms Blackburn and retained Ford & Harrison to provide legal guidance.    Ford & Harrison presented Susan Sorrells from Employment Practice Solutions as an independent investigator to gather facts.    Interviews with Ms Sorrells will being with Ms Blackburn on July 31st.    Based on Ms Sorrells interviews, she will request to speak with others and will present the summary of the fact findings.

7/30/2012 - Lisa sent an email to HR indicating she was not feeling well & would not be in on 7/31 @ 10am for the scheduled meeting to discuss the specific facts of her complaint –
HR emailed Lisa back @ ___ to let her know the meeting would be rescheduled to 8/1 @ 10am.

7/31/2012 - HR emailed Lisa @ ___ to Let her know that Susan Sorrells from EPS would be meeting with her to discuss the specifics of her complaint

8/1/2012 - S. Sorrells & L. Blackburn met @ 10 am to discuss the complaint –
~~Afterwards~~ on 8/1/2012 Ms. Sorrells requested a meeting w/B Parris & C Maguire.

CYPRESS 2671

Mr. Maguire was scheduled to meet w/ Sorrells on 8/___/2012 @ 4pm.

Mr. Parro was scheduled to meet with Sorrells on 8/___/2012 @ 9am.

Ms. Sorrells requested to meet w/ R. McMenn Randa was scheduled to meet w/Ms Sorrells on 8/___/2012 @ 2pm

Ms Sorrells also requested to meet w/ Julie Schreiber - Ms Schreiber was scheduled to Meet w/ Sorrells on 8/ /2012 @ 1pm -

after meeting w C Maguire, B Parro, R McMenn & Schreiber Ms Sorrells requested to meet w/ M. Holsomback. Mike was scheduled to meet w/ Sorrells @ 1:30 pm on 8/ /2012

8/13/2012 Ms Sorrells met w/ Vista Lyons @ Ford Harrison to discuss her interviews -

CYPRESS 2672

DEF. SUPP. APP. 954